# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MATRIX NORTH AMERICAN CONSTRUCTION, INC., <br> Plaintiff, <br><br> v. <br><br> ADVANTAGE INDUSTRIAL SYSTEMS, LLC, *et al.*, <br> Defendants. | CAUSE NO.: 2:20-CV-92-PPS-JEM |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Matrix North American Construction, Inc.'s Motion for Leave to Serve Expedited Discovery [DE 13], filed April 1, 2020. Plaintiff requests leave to conduct limited discovery in support of its planned motion for preliminary injunction.

Plaintiff filed a Complaint for injunctive relief, alleging that prior employees took confidential information and trade secrets to a competitor, and asserting claims for breach of contract, breach of fiduciary duty, trade secret misappropriation, theft, exceeding authorized access and unauthorized access to Plaintiff's computer systems, and unfair competition. Plaintiff asserts that it intends to file a motion for preliminary injunction and argues that it needs some limited discovery, including oral depositions of Defendants, in order to provide the information it needs to present at a preliminary injunction hearing.

The Federal Rules of Civil Procedure generally prohibit discovery from occurring before the parties conduct a Rule 26(f) conference, but the Court may enter an order allowing early discovery if there is good cause for the request. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . .

1

by court order."); *see also Orlando v. CFS Bancorp, Inc.*, No. 2:13-CV-261 JD, 2013 WL 12329547, at *1 (N.D. Ind. Oct. 10, 2013) ("A party seeking expedited discovery prior to a Rule 26(f) planning conference must establish good cause for his request."). "[D]eciding whether to permit expedited discovery and the scope of any expedited discovery depends on the facts and circumstances of the particular matter, and a demonstration why the requested discovery, on an expedited basis, is appropriate for the fair adjudication of issues before the court." *Orlando*, 2013 WL 12329547, at *1 (citing *Roche Diagnostics Corp. v. Medical Automation Systems, Inc.*, No. 1:10-cv-01718-SEB-DML, 2011 WL 130098, at *3 (S.D. Ind. 2011)).

Plaintiff asserts that the nature and scope of the alleged trade secret misappropriation creates a need for expedited discovery to support its motion for preliminary injunction and prevent irreparable injury to Plaintiff's legitimate business interests, and that the information is exclusively in the possession of Defendants. The Court recognizes that "[a] pending request for a preliminary injunction is a typical ground that satisfies a good cause standard." *Roche Diagnostics Corp. v. Med. Automation Sys., Inc.*, No. 1:10-CV-01718-SEB, 2011 WL 130098, at *3 (S.D. Ind. Jan. 14, 2011). Review of the proposed interrogatories reveals that they are generally targeted towards the topics likely to be at issue in a hearing on a preliminary injunction, although some of the questions may be over-broad for this stage of the litigation, that the requested information is not available from another source, and that the information is needed in an expedited manner because of the circumstances of the case. If the respondents object to the questions or parts of the questions and the parties are unable to reach an agreement without Court intervention, Defendants can file a properly-supported motion for protective order.

In light of the court closure and public health concerns at the moment, the Court encourages the parties to utilize video or written depositions and to work together to resolve any disputes over the scope or method of obtaining the necessary information without Court intervention.

Accordingly, the Court hereby **GRANTS** Plaintiff Matrix North American Construction, Inc.'s Motion for Leave to Serve Expedited Discovery [DE 13]. Plaintiff may immediately serve its requests for production and expedited interrogatories on Defendants. The Court **ORDERS** Defendants to make themselves available for deposition and **REMINDS** the parties of the requirement to preserve evidence relevant to the facts and circumstances alleged in the Complaint.

SO ORDERED this 3rd day of April, 2020.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record